IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RODERICK ALEXANDER PURVIS,<br>Reg. No. 17141-002,<br><br>    Petitioner,<br><br>v.<br><br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>    Respondents. | )<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION NO. 2:20-CV-895-MHT<br>)                           (WO)<br>)<br>)<br>)<br>) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The initiation of this habeas action occurred when the District Judge entered an order construing the "Motion for Earned Jail Credit" filed by Petitioner, Roderick Alexander Purvis ("Purvis"), in his criminal case, *United States v. Purvis*, Criminal Case No. 17-CR-15-MHT (M.D. Ala. 2017), as a 28 U.S.C. § 2241 petition for habeas corpus relief. Doc. 1.

**I. INTRODUCTION**

Petitioner is an inmate incarcerated at the United States Penitentiary in Coleman, Florida, serving a sentence imposed by this Court on August 14, 2017. Purvis was sentenced to a total term of 66 months of imprisonment following his plea of guilty to Possession with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 841(a)(1) and Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A). *See United States v. Purvis,* 2:17-CR-15-MHT (M.D. Ala. 2017).

In this § 2241 Petition, Purvis contends the Federal Bureau of Prisons ("BOP") has improperly denied him prior-custody credit of 20 months and 21days against his federal sentence for time spent in state custody on virtually identical state charges pending imposition of the

sentence by this Court. Doc. 2 at 1–2. Purvis filed as an exhibit a portion of his sentencing transcript in which the sentencing judge stated "[w]hether or not . . . the Bureau of Prisons gives you credit for time served, that's a decision that's up -- that's in their bailiwick; but I have noted for the record that in my judgment, you should be given credit for the time that you've been incarcerated while you've been incarcerated on this federal offense." Doc. 2-4. Purvis asserts the BOP awarded him only 46 days of jail credit, Doc. 2 at 2, and, therefore, argues the BOP has failed to credit him with all the jail credit to which he is entitled. Doc. 2 at 1–2. Upon review of Purvis' claims, the Court concludes that his § 2241 Petition should be transferred to the United States District Court for the Middle District of Florida under 28 U.S.C. § 1631.[1]

## II. DISCUSSION

A federal prisoner challenging the manner, location, or conditions of the execution of a sentence must do so through a petition for a writ of habeas corpus under 28 U.S.C. § 2241.[2] A writ of habeas corpus pursuant to 28 U.S.C. 2241 is the proper avenue of relief when a petitioner is challenging the execution of his sentence, rather than the validity of the underlying conviction.[3] The general rule is that a 28 U.S.C. § 2241 petition for habeas corpus relief "may be brought only

---

[1] Purvis has not submitted the applicable filing fee nor an application for leave to proceed *in forma pauperis.* However, the Court finds that assessment and collection of any filing fee should be undertaken by the United States District Court for the Middle District of Florida.

[2] *See, e.g.*, *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1092–93 (11th Cir. 2017) (explaining a federal prisoner may challenge the deprivation of good-time credits in a § 2241 petition); *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351 (11th Cir. 2008) (finding that challenges to execution of sentence are properly brought under § 2241); *Williams v. Pearson*, 197 F. App'x. 872, 876 (11th Cir. 2006) (holding a petitioner's challenge to the execution of his sentence is properly considered under 28 U.S.C. § 2241, the general habeas statute); *United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000)) (recognizing that claims for jail time credit are properly raised in a habeas petition under § 2241).

[3] *See, e.g.*, *United States v. Addonizio*, 442 U.S. 178, 185–88 (1979) ("Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence."); *United States v. Allen*, 124 F. App'x. 719, 721 (3rd Cir. 2005) ("The exclusive remedy for challenging the BOP's calculation of a federal sentence is a habeas corpus petition filed pursuant to 28 U.S.C. 2241[.]"); *Bishop v. Reno*, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (civil action challenging administration of service credits by the BOP, including calculation, awarding and withholding of time credits, involves execution rather than imposition of sentence, and thus is a matter for habeas corpus review in district court).

in the district court for the district in which the inmate is incarcerated." *Fernandez v. United States*, 941 F.2d, 1488, 1495 (11th Cir. 1991).[4] "Jurisdiction is determined at the time the action is filed[.]" *United States v. Edwards*, 27 F.3d 564 (4th Cir. 1994).[5] Purvis was at the time of filing this action and is now incarcerated at USP Coleman I in Coleman, Florida, a city located in Sumter County, Florida, which is within the jurisdiction of the United States District Court for the Middle District of Florida. *See* 28 U.S.C. § 89(b). Accordingly, the Court finds that it lacks jurisdiction over this 28 U.S.C. § 2241 Petition for writ of habeas corpus relief.

Under 28 U.S.C. § 1631, a federal court that finds it cannot entertain a civil action may, if it is in the interest of justice, transfer such action to any other court in which the action could have been brought when it was filed. 28 U.S.C. § 1631. "Section 1631 is analogous in operation to 28 U.S.C. §§ 1404(a) and 1406(a), which allow a district court to transfer a case if either venue is lacking and transfer would be 'in the interest of justice' (section 1406(a)) or for the convenience of the parties and witnesses if it would serve the interest of justice (section 1404(a))." *Middlebrooks v. Smith*, 735 F.2d 431, 432 (11th Cir. 1984). Because Purvis is proceeding *pro se* and seeking habeas corpus relief under 28 U.S.C. § 2241, the Court finds it is in the interest of justice to transfer this case to the United States District Court for the Middle District of Florida for review and determination.

---

[4] *Accord Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494–95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."); *Allen*, 124 F. App'x. at 721 (a § 2241 petition for habeas corpus seeking additional credit time from the BOP must be "directed to the district court in the United States District where the petitioner is incarcerated[.]").

[5] *See also Rumsfeld v. Padilla*, 542 U.S. 426, 434–35, 442 (2004).

**III. CONCLUSION**

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1631.

On or before **December 2, 2020**, Petitioner may file an objection to the Recommendation. Any objection filed must clearly identify the factual findings and legal conclusions contained in the Magistrate Judge's Recommendation to which Petitioner objects. Frivolous, conclusive or general objections will not be considered by the District Court. Petitioner is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see also Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done this 18th day of November, 2020.

                                              /s/ Stephen M. Doyle
                                              CHIEF UNITED STATES MAGISTRATE JUDGE